STATE *vs.* LOUISA MAGNELL.

*Criminal Law—Using Instrument to Procure Miscarriage—Statute*
*— What the State must prove—Intent; Evidence of.*

1.   Procuring a miscarriage, within the meaning and purpose of the act, is the unlawful destruction, or the bringing or causing to be brought forth prematurely of the foetus or unborn off-spring of a pregnant woman, at any time before birth according to the course of nature.

2.   In order to warrant a verdict of guilty the State must prove—(1) That the prisoner used an instrument as alleged in the indictment.   (2) That he used it with the intent to procure the miscarriage of a person who was at the time pregnant or supposed by the prisoner to be pregnant.   (3) That the miscarriage was not neces- sary to preserve the life of the woman upon whom the instrument was used.

3.   The date of the alleged offense stated in the indictment is not material, and the crime may be shown to have been committed at any time prior to the finding of the indictment.

4.   It is not necessary for the State to prove that the prisoner actually caused or accomplished the alleged miscarriage.   It will be sufficient to prove that he used the alleged instrument with the intent to procure the miscarriage ; and it is immaterial that the woman herself actually caused the miscarriage, or that it was by her consent or entreaty that the prisoner attempted to procure it.

5.   The intent may be shown by the confession or declaration of the accused, or by his acts, conduct, etc., from which the intent may be reasonably inferred.

(*November 30, 1901.*)

LORE, C. J. and SPRUANCE and GRUBB, J. J., sitting.

*Herbert H. Ward,* Attorney-General and *Robert H. Richards,* Deputy Attorney-General, for the State.

*J. Frank Ball* and *John F. Lynn* for the defendant.

Court of General Sessions, New Castle County, November Term, 1901.

INDICTMENT FOR USING INSTRUMENT TO PROCURE A MIS- CARRIAGE.

GRUBB, J., charging the jury :

Gentlemen of the jury :—On February 13th, 1883, the General Assembly believing, as we must presume, that the practice of unlawfully procuring miscarriages of pregnant women had become so prevalent as to seriously imperil human life and the general welfare, and to call for stringent provisions for its rigid suppression enforced by severe punishment, passed the act, entitled "An Act to punish the Procurement of Abortion."

The prisoner, Louisa Magnell, is indicted and now on trial under section 2 of this statute which provides as follows :

"SECTION 2. Every person who, with the intent to procure the miscarriage of any pregnant woman or women supposed by such person to be pregnant, unless the same be necessary to preserve her life, shall administer to her, advise, or prescribe for her, or cause to be taken by her any poison, drug, medicine, or other noxious thing, or shall use any instrument or other means whatsoever, or shall aid, assist, or counsel any person so intending to procure a miscarriage, whether said miscarriage be accomplished or not, shall be guilty of a felony, and upon conviction thereof shall be fined not less than one hundred dollars nor more than five hundred dollars and be imprisoned for a term not exceeding five years nor less than one year."

Procuring a miscarriage, within the meaning and purpose of this act, is the unlawful destruction, or the bringing or causing to be brought forth prematurely of the fœtus or unborn off-spring of a pregnant woman, at any time before birth according to the course of nature. In order to warrant the jury, in the present instance, in finding a verdict of guilty under this statute, the burden is on the State to prove to your satisfaction, beyond a reasonable doubt, *first*, that the prisoner, Louisa Magnell, on or about July 26th, of the present year, in this county, used an instrument as alleged in this indictment; *second*, that she so used it, then and there, with the intent to procure the miscarriage of Mary M. Taylor, she being then and there pregnant, or the said prisoner

supposing her to be so pregnant; and *third*, that said miscarriage was not then and there necessary to preserve the life of said Mary M. Taylor.

We will say to you, gentlemen, that although the indictment alleges that the commission of the alleged offense was on the twenty-sixth of July of the present year, yet if the facts warrant, you may find that it was on any other day of July or any other month, provided it was before the finding of this indictment.

If you find that the State has failed to prove all, or any one, of these essential facts and constitutent elements of this alleged felony, it will be your duty to render a verdict of not guilty.

It is not necessary for the State to prove that the prisoner actually caused or accomplished the alleged miscarriage of Mary M. Taylor. It will be sufficient, so far as respects this element of the offense here charged, if you are satisfied beyond a reasonable doubt, that the prisoner used the alleged instrument with the intent to procure the miscarriage of Mary M. Taylor, whether such intent was accomplished or not.

If you are so satisfied, it will be immaterial, in your determination of this case, whether or not Mary M. Taylor had herself caused the alleged miscarriage by her own use of any instrument, drug or other means for such purpose; and therefore of no avail for the defense of the prisoner.

Nor would either the consent or entreaty of Mary M. Taylor to the prisoner's alleged attempt to procure her miscarriage, nor the prisoner's reluctance or unwillingness to perform the operation necessary therefor, if she, the prisoner, subsequently actually used the instrument necessary therefor, as alleged in this indictment, be a sufficient or lawful defense for her in view of the positive provisions of the said statute.

As already stated, the State must satisfy you beyond a reasonable doubt from all the evidence in the case that the prisoner used the alleged instrument, with the intent to procure the miscarriage

of Mary M. Taylor, before you can find the prisoner guilty under this indictment.

The intent to procure the miscarriage may be shown by direct evidence of the intent—that is, by the express confession or declaration of the accused that she used the alleged instrument with the intent to procure said miscarriage; or, if there be no such direct evidence, such intent may be proved by the acts, conduct, or measures of concealment or precaution of the prisoner, and other circumstances, from which the jury may naturally and reasonably infer the intent charged.

Every accused person is presumed to be innocent until he is proven guilty beyond a reasonable doubt.

A reasonable doubt, in legal contemplation, is not a mere imaginary, whimsical or even possible doubt of the guilt of the accused, but is such a real and substantial doubt naturally arising out of all the relevant evidence in the case as intelligent and impartial men may reasonably entertain after a careful consideration of all such evidence.

The case is now submitted for your verdict in accordance with the facts as you shall find them, and with the law as the Court has given it for your guidance.

Verdict, guilty.